UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESTORATIVE CARE OF AMERICA, INC.,

    Plaintiff,

v.                                                    Case No: 8:22-cv-1404-KKM-AEP

DEAN JOSLOFF,

    Defendant.
_____

## ORDER

The Court denied Defendant Dean Josloff's motion to dismiss or transfer this case on February 15, 2023. *See* Order (Doc. 50). When he failed to file an answer, Plaintiff Restorative Care of America, Inc., (RCA) moved for entry of clerk's default on March 6, 2023, *see* Mot. (Doc. 51), and the clerk entered default on March 8, 2023. Josloff's counsel, Andrew Smith, now files a declaration "in opposition to Plaintiff's motion for default and in support of Defendant's motion for an extension of time to answer and for sanctions." Decl. (Doc. 53.) To the extent this declaration constitutes a request for relief, it is denied.

There are many problems with the declaration. As the Court previously informed Josloff, (Doc. 35), Local Rule 3.01(a) requires that all motions include "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal

memorandum supporting the request." The declaration does not include a legal memorandum (or even identify a Federal Rule of Civil Procedure) supporting either Josloff's request for extension or his request for sanctions.

Next, the declaration does not include a certification that counsel conferred in good faith with RCA before filing it, as required by Local Rule 3.01(g). The Court notified Josloff of this rule twice already. (Doc. 23, Doc. 35). Based on past interactions, it might appear futile to Josloff to inquire with RCA about its position for his requested relief, but the Local Rules still require it to avoid unnecessary briefing and waste of time.

But even if the Court were to address Josloff's request for extension, it would be unable to act without Josloff first explaining why he's established excusable neglect. Federal Rule of Civil Procedure 12(a)(4)(A) states that where a Rule 12 motion is denied, "the responsive pleading must be served within fourteen days after notice of the court's action." The Court denied Josloff's motion to dismiss on February 15, 2023, making his responsive pleading due March 1, 2023. In order to receive an extension of time once a deadline has expired, as the declaration requests, Rule 6(b) requires that a party show excusable neglect. The declaration fails to reference this standard or explain how it is met.

In any event, the Clerk already entered default in this case. The Court cannot extend the time to answer unless Josloff first moves to set the default aside. *See* FED. R. CIV. P. 55(c). If Josloff succeeds in that effort, the Court is likely to grant an extension until March

2

31, 2023. Josloff has been aware of this case in Florida and his need to defend against it since at least July 2022 so any further extension of time is unwarranted.

Finally, to the extent that Josloff's counsel purports to no longer represent him, *see* Decl. ¶ 5, he has not properly requested leave of the Court to do so. Local Rule 2.02(c) states that "[i]f a lawyer appears, the lawyer cannot without leave of court abandon, or withdraw from the action" and sets out the procedure for withdrawing.

In short, Josloff's request through declaration of counsel (Doc. 153) is **DENIED**.

**ORDERED** in Tampa, Florida, on March 8, 2023.

Kathryn Kimball Mizelle
United States District Judge