UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESTORATIVE CARE OF
AMERICA, INC.,

    Plaintiff,

v.                                     Case No. 8:22-cv-01404-KKM-AEP

DEAN JOSLOFF,

    Defendant.
_____/

**ORDER**

This cause is before the Court on Plaintiff's Motion to Compel Complete Discovery Responses and For Sanctions (Doc. 95). Plaintiff filed the instant motion after the Court ordered Defendant to respond to Plaintiff's discovery requests (Doc. 94). Plaintiff moves for sanctions against Defendant under Federal Rule of Civil Procedure 37 for Defendant's failure to comply with the Court's previous discovery order by producing incomplete and unverified responses to Plaintiff's discovery requests (Doc. 95). Defendant did not file a response to Plaintiff's motion. This Court held a hearing on the matter on September 13, 2023.

    **I.    Background**

On July 25, 2023, the Court conducted a hearing on Plaintiff's previous motion to compel Defendant to respond to Plaintiff's discovery requests (Doc. 91). The Court granted the motion and directed Defendant to respond to Plaintiff's

discovery requests on or before August 14, 2023 (Doc. 94). Additionally, the Court noted that as a result of Defendant's delay in responding to Plaintiff's discovery, which was initially served in the beginning of May, any objections from Defendant to Plaintiff's discovery requests were deemed waived (Doc. 94). On August 14, 2023, Defendant served written responses to Plaintiff's requests for production and interrogatories (Doc. 95, at 3). However, the answers to the interrogatories were not verified (Doc. 95-1, at 9). Moreover, Defendant's production of documents in response to Plaintiff's request for production consisted of seven pages. After reviewing the responses and production, Plaintiff's counsel sent Defendant's counsel a deficiency letter, which detailed the deficiencies and demanded a supplementation to the responses and production (Doc. 95-3). At the hearing, Defendant's counsel stated that he had served Plaintiff's counsel with supplemental responses in the beginning of September. However, Plaintiff's counsel argued that the supplementation was not substantial and did not cure the deficiencies, including that the answers to the interrogatories remained unverified.

## II.     Discussion

Plaintiff seeks sanctions in accordance with Federal Rule of Civil Procedure 37. "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). A district court "has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction." *Id.*

Under Rule 37(a), if a motion to compel is granted, the court "must" order the party necessitating the motion, its attorney, or both, to pay the movant's expenses "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). In contrast to Rule 37(a), Rule 37(b) deals with a party's failure to comply with a court order and provides that a party who violates a discovery order may be sanctioned in various ways, including being found liable for reasonable expenses. Fed. R. Civ. P. 37(b)(2)(C). Attorney's fees may be awarded against "the disobedient party, the attorney advising the party, or both ... unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. Pro. 37(b)(2)(C); *Weaver v. Lexington Ins. Co.*, 2007 WL 1288759, *2 (M.D. Fla. May 2, 2007) (citation omitted) (stating that non-complying party has the burden of showing that noncompliance is substantially justified or harmless).

Moreover, Rule 37(c)(1) mandates that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," they be prohibited from "us[ing] that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824–25 (11th Cir. 2009) (noting that "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party" (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006))).

Interrogatories must be signed under oath by the party who answers them. Fed. R. Civ. P. 33(b)(3), (5). Here, Defendant did not fully comply with the Court's

July 25 Order by serving complete interrogatory responses that were signed under oath by the August 14 deadline (*see* Doc. 95-1, at 9). Not only did Defendant not file a response to Plaintiff's motion, at the hearing on September 13, 2023, Defendant's counsel did not articulate any reason why Defendant's failure to serve verified answers to the interrogatories was justified or excusable and did not contend that the failure was harmless. Additionally, Defendant's responses to the interrogatories and production were deficient. For instance, Defendant did not produce the metadata from some screenshots of communications he produced, without sufficient explanation as to the native source of such content. As Plaintiff argues, this may raise concerns related to production of the responsive discovery. As such, the Court will allow Plaintiff to depose Defendant up to two additional hours with a focus on steps taken by Defendant for the preservation, review, and production of the discovery.

Given the multiple opportunities Defendant had to respond to Plaintiff's discovery requests, supplement his responses and production, confer with Plaintiff to correct any deficiencies before the hearing, and comply with this Court's previous discovery Order, the Court is compelled to impose sanctions on Defendant. The Court finds that Plaintiff is entitled to an award of fees incurred in attending and preparing the instant motion, its original motion to compel, and participating in both hearings. Thus, Defendant will submit payment of $1,500 to Plaintiff via Plaintiff's counsel on or before October 16, 2023. Moreover, by failing to meaningfully supplement his responses and production, or providing verified

4

responses to Plaintiff's interrogatories, Defendant is prohibited from using any later discovered or produced information as evidence to defend this action. Finally, the Court orders Defendant to comply with the Court's previous Order (Doc. 94) by supplementing his interrogatory answers with verified responses within fourteen days of the date of this order. Failure to do so may result in additional sanctions.

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion to Compel Complete Discovery Responses and For Sanctions (Doc. 95) is GRANTED.

2. Plaintiff may depose Defendant for an additional two hours regarding his discovery efforts.

3. Defendant is ordered to pay $1,500 in fees to Plaintiff on or before October 16, 2023.

4. Defendant is ordered to comply with the Court's previous Order (Doc. 94) by supplementing his interrogatory answers with a verification on or before September 28, 2023.

DONE AND ORDERED in Tampa, Florida, on this 14th day of September, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record