UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESTORATIVE CARE OF AMERICA, INC.,

    Plaintiff/Counter-Defendant,

v.                                              Case No. 8: 22-cv-1404-KKM-AEP

DEAN JOSLOFF, an individual,

    Defendant/Counter-Plaintiff.
_____/

**ORDER**

This matter comes before the Court upon Defendant's Motion for Relief for 60 Days (Doc. 133) and Plaintiff's Response in Opposition (Doc. 134). In his motion, Defendant requests that the Court stay this matter for 60 days on account of Defendant's inability to retain counsel. For the reasons stated herein, the Motion is denied.

A district court has the discretion to stay proceedings otherwise properly before it, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The proponent of a stay bears the burden of establishing its need. *Coach, Inc. v. Visitors Flea Mkt.*, LLC, No. 611CV1905ORL22TBS, 2014 WL 12621562, at *1 (M.D. Fla. Jan. 9, 2014). In making this determination, courts consider "the facts presented, judicial economy, the risk of irreparable harm, and whether there is a clear and substantial reason to grant the motion." *Id.*

Here, Defendant has failed to establish there is a clear and substantial reason to grant the motion. Approximately two months ago, counsel for Defendant, Trescott Gear, moved to withdraw from this matter. (Doc. 118). Defendant did not oppose Mr. Gear's withdrawal. (Doc. 118, at 2). Accordingly, this Court granted Mr. Gear's withdrawal and effectively stayed the matter for thirty (30) days to afford Defendant the opportunity to obtain new counsel if so desired. (Doc. 127). Defendant argues that "extreme financial hardship" has prevented him from retaining new counsel within this timeframe. However, irrespective of the accuracy of Defendant's claims,[1] financial hardship is not a clear and substantial reason for granting further delay of this matter as civil litigants have no absolute right to counsel. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). As previously found by this Court (Doc. 137), Defendant has failed to demonstrate any special circumstances warranting the appointment of counsel. Notably, the claims in this case are relatively straightforward, and there is no reason to believe Defendant is unable to adequately investigate the case himself as the central issue in this matter surrounds his conduct while employed by Plaintiff.

Moreover, judicial economy weighs in favor of the matter's continuance. This matter has been pending for over two years and is currently set for the April 2025 trial term. Further delay could result in irreparable harm. Conversely, nothing

---

[1] Plaintiff has presented evidence which suggests Defendant's financial position is not as precarious as alleged. (Doc. 134, at 4–5).

bars Defendant from being represented by counsel at a later date should he find an attorney.

Accordingly, it is so

ORDERED:

1. Defendant's Motion for Relief for 60 Days (Doc. 133) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 8th day of August 2024.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record