UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESTORATIVE CARE OF AMERICA, INC.,

      Plaintiff,

v.                                          Case No. 8:22-cv-1404-KKM-AEP

DEAN JOSLOFF, an individual,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff's Second Renewed Motion to Compel and for Sanctions (Doc. 129). In its Motion, Plaintiff maintains Defendant has failed to verify his interrogatory responses and fully and accurately respond to Plaintiff's discovery requests despite having previously been ordered by this Court on two separate occasions to do so (Docs. 94, 99). Defendant did not file a response to the motion. Oral argument was heard on October 10, 2024 (Doc. 150). At the hearing, Defendant testified that he made a supplemental document production to Plaintiff following the filing of the instant Motion and verified his responses to Plaintiff's Interrogatories on the record under oath. For the reasons stated herein and those articulated on the record, the Court finds that Defendant's document production is deficient, and sanctions are warranted.

    **I.**      **Procedural History**

Plaintiff initiated this action against Defendant, its former president, on June 21, 2022, alleging that while in its employ Defendant had committed numerous improprieties to include taking unauthorized bonusses, commissions, and salary increases, fraudulently placing his wife on Plaintiff's payroll, making unauthorized personal purchases with Plaintiff's credit card, and misappropriating Plaintiff's trade secrets and/or confidential and propriety information (Doc. 1 at 1–2). Accordingly, in its seven count Complaint, Plaintiff brought claims against Defendant for violation of the Defend Trade Secrets Act, violation of the Florida Uniform Trade Secrets Act, conversion, fraud, fraudulent concealment, breach of fiduciary duty of loyalty, and defamation (Doc. 1).

On May 2, 2023, Plaintiff served Interrogatories and Requests for Production on Defendant through his counsel. However, Defendant failed to produce the requested discovery within thirty days or ask for an extension. Following this, counsel for Plaintiff conferred with Defendant's counsel on three separate occasions regarding the status of the overdue discovery but was never provided a response. Plaintiff thus filed its first motion to compel on July 5, 2023 (Doc. 80), for which the Court held a hearing on July 25, 2023 (Doc. 91). After hearing oral argument, the Court granted Plaintiff's motion, directed Defendant to respond to Plaintiff's discovery requests by August 14, 2023, and held that Defendant's objections to Plaintiff's discovery requests were waived as a result of Defendant's delay in responding to Plaintiff's discovery (Doc. 93).

On August 22, 2023, following failed attempts to resolve the issue, Plaintiff filed a second motion to compel, maintaining that despite this Court's prior Order Defendant had still failed to fully respond to its discovery requests (Doc. 95). Specifically, Defendant did not verify his Interrogatory responses and produced only seven pages of documents in response to Plaintiff's Requests for Production. Moreover, the responses provided to Plaintiff's Interrogatories and Requests for Production lacked completeness. At hearing, Defendant failed to articulate a justified or excusable reason for failing to serve verified interrogatories. Accordingly, the Court granted Plaintiff's motion, awarded sanctions in the amount of $1500, permitted Plaintiff to depose Defendant for an additional two hours regarding his discovery efforts, prohibited Defendant from using any later discovered or produced information as evidence to defend this action, and ordered that Defendant fully comply with its previous Order (Doc. 94) by supplementing his interrogatory answers with a verification on or before September 28, 2023 (Doc. 99).

On October 17, 2023, Plaintiff filed a third motion to compel (Doc. 101). In its motion, Plaintiff maintained that Defendant still had not submitted verified interrogatories and based on testimony given at his extended deposition was withholding responsive documents. Defendant did not file a response, and the matter was set for hearing. Prior to the hearing date, however, Defendant filed a Notice of Bankruptcy, advising the Court that he had voluntary petitioned for bankruptcy in New Jersey (Doc. 109). Accordingly, the matter was administratively

3

closed from November 21, 2023, through June 17, 2024, and reopened after the bankruptcy court issued an order lifting the automatic stay (Doc. 123). On June 28, 2024, following the entry of a new case management order, Plaintiff filed a second renewed motion to compel and for sanctions, the instant motion (Doc. 129). This motion is the fourth motion to compel Plaintiff has filed in this matter. The motion is nearly identical in form and substance to Plaintiff's October 17, 2023 motion. In it, Plaintiff maintained that Defendant still had not verified his answers to Plaintiff's Interrogatories or paid the $1500 sanctions fee.

Notably, three days before the instant motion was filed, the Court granted Defendant's Motion to Withdraw (Doc. 118), permitting Defendant's then attorney Trescott J. Gear to withdraw as counsel of record, and providing Defendant thirty (30) days to obtain new counsel or proceed *pro se* (Doc. 127). Acknowledging that the deadline to respond to Plaintiff's second renewed motion to compel would fall within this window, the Court *sua sponte* extended the response deadline to fifteen days after the retention of counsel deadline, providing Defendant a total of forty-one (41) days to submit a response to Plaintiff's motion (Doc. 130). Still, Defendant failed to retain counsel or submit a response. A hearing was held on September 6, 2024 (Doc. 147). At the hearing, despite having been previously warned by this Court that his *pro se* status would not absorb him of his responsibility to adhere to this matter's case deadlines as well as the procedural requirements of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rule for the Middle District of Florida ("Local Rules"), Defendant admitted he had not read Plaintiff's motion

4

or spoken with Plaintiff's counsel. Instead, Defendant maintained that his *pro se* status prevented him from understanding what to do. The Court thus deferred ruling to allow Defendant a final opportunity to produce the needed discovery and respond to Plaintiff's motion. Nearly a month later, on October 7, 2024, the Court held a second hearing on the motion at which time it was revealed Defendant still had not verified his interrogatory answers or provided complete discovery responses. For example, in Plaintiff's requests for production, Defendant was asked to produce business records or documentation for identified purchases made with the Plaintiff's credit card. However, Defendant failed to produce such records and instead provided Plaintiff's counsel with screenshots of merchant's websites.[1] Moreover, Defendant still has not produced relevant text messages and messages from the platform WhatsApp. These are just some of the many deficiencies suffered in Defendant's discovery responses.

**II.   Analysis**

Under Rule 37, where a party has failed to comply with a court's discovery order, the court may award sanctions against the party unless the failure was substantially justified. Fed. R. Civ. P. 37(b). Here, Plaintiff has sought discovery from Defendant since May 2, 2023. Despite two prior orders from this Court compelling same, Defendant has failed to produce all responsive discovery and

---

[1] For example, with respect to a questioned purchase from a candy store, Defendant took a screenshot of the candy store's website and produced it to Plaintiff's counsel as support for his argument that the purchase was for holiday gifts for staff but provided no other supporting documentation.

5

comply with the procedural requirements of the Federal Rules and Local Rules at significant cost to Plaintiff. Even Defendant's most recent production suffers deficiencies. Thus, the Court finds sanctions are warranted as Defendant has failed to establish good cause for failing to fully and timely respond to Plaintiff's discovery requests. *See In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989) (holding that a defendant must establish it took all reasonable efforts to comply with a court's discovery order to avoid sanctions under Rule 37). Accordingly, it is so

ORDERED:

1. Plaintiff's Second Renewed Motion to Compel and for Sanctions (Doc. 129) is GRANTED. Ruling as to the amount for sanctions is deferred until the District Court makes a ruling on Plaintiff's pending Motion for Summary Judgment (Doc. 144).

2. Plaintiff's counsel is to confer with Defendant regarding the accumulated fees and costs in this matter, and if the amount is disputed, file the appropriate motion outlining the basis for its hourly rate and fees.

3. In preparing his defense, Defendant is prohibited from relying on any arguments, information, documents, or data not previously disclosed in discovery as of October 10, 2024.

DONE AND ORDERED in Tampa, Florida, on this 4th day of November 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record